# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00255-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAKIMA IBAN SALIH EL BEY, ) <br> ) <br> and ) <br> ) <br> JUDITH A. GIBSON, in her official capacity ) <br> as REGISTER OF DEEDS for Mecklenburg ) <br> County, North Carolina, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

THE MATTER is before the Court on Defendant El Bey's Motion to Stay Proceedings[1] (Doc. No. 7); Defendant El Bey's Motion to Dismiss for Failure to Prosecute (Doc. No. 8); Plaintiff's Motion for Entry of Default (Doc. No. 12); and Defendant El Bey's Motion for Hearing to Show Cause (Doc. No. 14). The time for responding to these motions has expired, and they are now ripe for ruling.

Turning first to Plaintiff's Motion for Entry of Default, the Government contends that it is entitled to entry of default because Defendant El Bey has not filed a timely answer to the Complaint, nor has he filed an appropriate motion under Rule 12 of the Federal Rules of Civil Procedure that

---

[1] The motions filed by Defendant, appearing *pro se*, were not denominated as specifically as set forth herein, but instead, contain lengthy titles with legal terms mostly irrelevant to the underlying basis of the motion as contained in the body of the document. Because the Clerk's office has summarily referenced Defendant's motions on the docket sheet in such short form, the Court (in the interests of brevity, clarity, and consistency) will reference the motions in the same manner as identified by the Clerk's office on the docket sheet.

qualifies under those rules to extend the time period for filing an answer. Pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994) (citing Haines v. Kerner, 404 U.S. 519 (1972); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977)). Although not contained in document entitled "Answer," Defendant El Bey has denied the allegations set forth in the Complaint. In his "Petition in the Nature of a Motion by Special Appearance . . . [and] Motion by Special Appearance for Dismissal of [this case] for Failure to Prosecute" (Doc. No. 8), filed August 17, 2007, Defendant El Bey specifically denied the allegations of the Complaint by stating in paragraph ten (10) that "Creditor denies the Charges and the existence of the Charges." (Doc. No. 8, p. 4, ¶ 10). Because Defendant El Bey is proceeding pro se, the Court will construe this pleading broadly as constituting an answer sufficient to withstand a motion for entry of default. Moreover, this response was timely filed in accordance with the order issued by Magistrate Judge David Keesler allowing El Bey until August 27, 2007. (See Doc. No. 6). Accordingly, Plaintiff's Motion for Entry of Default is denied.

In addition, Defendant El Bey has submitted three pleadings, which could be read liberally as a motion to stay, motion to dismiss for failure to prosecute, and motion for hearing to show cause. For the reasons stated in Plaintiff's Reply to Pleadings (Doc. No. 13), all three of these motions are denied.

Finally, the Court turns to the issue of scheduling in this matter. Based on the Court's review of the pleadings, it appears that discovery in this matter is unnecessary. As such, the Court will set the deadline for dispositive motions on November 16, 2007, subject to the right of any party to provide written objection within fourteen (14) calendar days from the date of this order. Any objection must state with specificity the extent to which discovery is requested and why discovery on such matters is appropriate.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default (Doc. No. 12) is DENIED. Defendant El Bey's motions (Docs. Nos. 7, 8, 14) are also DENIED. The parties are DIRECTED to proceed with the scheduling order set forth herein.

IT IS SO ORDERED.

Signed: October 10, 2007

Frank D. Whitney
United States District Judge