# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07cv00255

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAKIMA IBAN SALIH EL BEY, ) | ORDER AND NOTICE TO PRO SE |
| ) | PLAINTIFF OF PLAINTIFF'S MOTION |
| and ) | FOR SUMMARY JUDGMENT |
| ) | |
| JUDITH A. GIBSON, in her official ) | |
| capacity as REGISTER OF DEEDS ) | |
| for Mecklenburg County, North ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on its own motion following the filing of the Government's Motion for Summary Judgment (Doc. No. 17), filed October 25, 2007.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Defendant Sakima Iban Salih El Bey, who is proceeding *pro se*, of the heavy burden that he carries in responding to Plaintiff's Motion for Summary Judgment.

Rule 56(e), Federal Rules of Civil Procedure, provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Defendant El Bey has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be

admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than thirty (30) calendar days from the date of this Order, or November 26, 2007, and must be filed in duplicate. As stated by Rule 56(e), Defendant's failure to respond may result in Plaintiff being granted the relief it seeks by way of summary judgment, that is, judgment for Plaintiff on all claims in its Complaint.

NOW THEREFORE, IT IS ORDERED:

1. The *pro se* Defendant shall have until November 26, 2007, to file his response, including any evidence, to Plaintiff's Motion for Summary Judgment.

2. The Clerk is directed to send copies of this Order and Notice to counsel for Plaintiff and Defendant Judith A Gibson; and to the *pro se* Defendant, that is, Sakima Iban Saelih El Bey, 305 Ash Tree Road, Columbia, South Carolina 29229.

SO ORDERED.

Signed: October 25, 2007

Frank D. Whitney
United States District Judge