# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00255-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAKIMA IBAN SALIH EL BEY, ) | ORDER |
| ) | |
| and ) | |
| ) | |
| JUDITH A. GIBSON, in her official capacity ) | |
| as REGISTER OF DEEDS for Mecklenburg ) | |
| County, North Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THE MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 17) and Memorandum in Support (Doc. No. 18). Following Plaintiff's filing, the Court issued a notice to the pro se Defendant Sakima Iban Salih El Bey informing him of his burden in responding and the nature of the evidence with which he must provide to the Court in his response (Doc. No. 19). Defendant El Bey's only filing following this notice was Document Number 22, which this Court will construe as Defendant's "response" to Plaintiff's motion. Additionally, the Court noticed and conducted a hearing on December 21, 2007, where each party provided oral argument as to their respective positions concerning the motion for summary judgment. The time for further responding to this motion has expired, and it is now ripe for ruling.

By way of background, Defendant was a pro se plaintiff in a civil action filed in the United States District Court for the Western District of North Carolina: Sakima Iban Salih El Bey v. Dep't

-1-

of Motor Vehicles, et. al., (case number 3:05-cv-237) (hereinafter "Civil Action"). Robert Conrad is a United States District Judge for the Western District of North Carolina and was the presiding judge in the Civil Action. On June 20, 2006, Judge Conrad dismissed the Civil Action. Shortly thereafter, on November 9, 2006, Defendant El Bey filed papers with the Mecklenburg County Register of Deeds at Book 21337, Pages 94-104, which purported to assert a commercial lien in the amount of $300,000.00 against Judge Conrad and the other defendants named in the Civil Action.

The Government subsequently brought this action to declare null and void the alleged commercial lien that Defendant El Bey filed with the Mecklenburg County Register of Deeds against Judge Conrad. The Government argues the lien at issue has no basis in law or fact, but instead, was filed in retaliation for the fact Judge Conrad ruled against Defendant El Bey in the Civil Action. In the case at bar, the Government requests a judgment by this Court to be filed with the Mecklenburg County Register of Deeds so that the public record appropriately reflects that the lien is invalid. The Government also seeks a permanent, pre-filing injunction on Defendant El Bey that prohibits him from filing any such liens in the future without advance approval from the court. Defendant El Bey has responded; however, his response consists of documents entitled "Bond," "National of the United States Aboriginal Indigenous Private Apostillic," as well as several other notarized, yet irrelevant, documents. (Doc. No. 22).

Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if the evidence is sufficient for a reasonable trier of fact to find in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those facts identified by the controlling law as essential elements of

the claims asserted by the parties. Id.; Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir.2001). There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In support of its motion for summary judgment, the Government argues the documents submitted by El Bey to the Register of Deeds are not based on any contractual relationship, nor do they establish any indebtedness by or against Judge Conrad. Nothing on the face of the documents show a purported debtor or reference an underlying instrument of debt. (See Exhibit 1 to Doc. No. 1). Furthermore, defendant El Bey has failed to provide *any* evidence in this case that the lien alleged in his filing with the Register of Deeds is based on any legitimate debt or any other form of contractual obligation between himself and Judge Conrad. Even construing El Bey's pleadings liberally, the Court can discern no evidence relating to any legitimate contract or debt involving Judge Conrad. In fact, there is no evidence before this Court that Judge Conrad has ever entered into any contract or agreement with Defendant El Bey, nor can any such contract be implied merely because Judge Conrad entered an adverse decision against him in the Civil Action.

Indeed, it appears to this Court, and this Court finds as a matter of fact, that Defendant El Bey did not file the lien for any legitimate commercial business reason, but instead, intended to retaliate against those officials who he viewed as responsible for the dismissal of the Civil Action. Both the timing and the nature of the filing with the Register of Deeds evidence El Bey's retaliatory intent. "Neither state nor federal law provides that a citizen may file a lien on the property of a public official for alleged wrongs committed by that official agent against a citizen without the existence of a judgment in the citizen's favor." United States v. Falice, 2006 WL 2488391, *5

(M.D.N.C. Aug. 25, 2006) (quoting United States v. Barker, 19 F.Supp.2d 1380, 1384 (S.D.Ga. 1998). Because there is no legal or factual basis for the purported commercial lien asserted by Defendant El Bey and because the lien was filed solely for the purpose of retaliation and harassment, this Court declares such commercial lien to be null and void and of no effect, *ab initio*.

Turning to the second portion of the Government's motion for summary judgment, the Government requests an injunction permanently enjoining Defendant El Bey from filing any document or instrument that purports to create a non-consensual lien or encumbrance of any kind against Judge Conrad or any other federal official.

"Permanent injunctive relief is appropriate where (i) there is no adequate remedy at law, (ii) the balance of the equities favors the moving party, and (iii) the public interest is served." Nat'l Org. for Women v. Operation Rescue, 726 F.Supp. 1483, 1496 (E.D.Va.1989), aff'd 914 F.2d 582 (4th Cir.1989), rev'd on other grounds, 506 U.S. 263, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). The decision to grant permanent injunctive relief is within the sound discretion of this Court. Id. The entry of a pre-filing injunction is appropriate when the person against whom an injunction is sought files lawsuits that are (1) "duplicative and vexatious," (2) such that "he cannot have a reasonable expectation of prevailing," and (3) have "caused needless expense and burdens to other parties and the court. . . ." Tinsley v. Moore Business Forms, Inc., 1994 WL 249239, at *1 (4th Cir. June 9, 1994) (unpublished opinion) (adopting factors announced in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert denied, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987)). Here, El Bey has a history of vexatious litigation (See El Bey v. Mecklenburg County, et. al., 2:03-cv-00399; El Bey v. Battery Services, 3:04-cv-00126; and El Bey v. Dep't of Motor Vehicles, et. al., 3:05-cv-00237). Moreover, his actions are burdensome and costly. Since the elements for a pre-

filing injunction are met, issuance of a permanent injunction then hinges on whether the prerequisites are satisfied.

The Government contends there is no adequate remedy at law in the absence of an injunction. A publicly recorded false lien may cause personal distress to a debtor named in a false lien by potentially clouding title to property or affecting a credit rating. Where the victim is a government official, the filer's continued freedom to file such false liens may result in interrupting, hindering and impeding employees of the United States in discharging their official duties. United States v. MacElvain, 858 F. Supp. 1096, 1100 (M.D. Ala. 1994) ("The filing of such frivolous documents imposes irreparable harm on the individuals and entities which are the victims of the liens."), aff'd 68 F.3d 486 (11th Cir. 1995); United States v. Kaun, 633 F. Supp. 406, 418 (E.D. Wis. 1986) ("[Defendant] and his followers continue to seek to frustrate the administration and enforcement of the federal tax laws – all to the great irreparable harm of the Internal Revenue Service and the public it serves."), aff'd 827 F.2d 1144 (7th Cir. 1987); United States v. Van Dyke, 568 F. Supp. 820, 822 (D. Ore. 1983) ("I also find that the actions of Van Dyke . . . in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel. Titles to real estate have been clouded, banks have been the subject of frivolous attempts at 'garnishment, and in general the employees of the federal government have been harassed in their personal lives for doing their jobs."). For these reasons, the Court agrees and finds there is no adequate remedy at law, other than an injunction, to prevent such irreparable harm.

Furthermore, the balance of equities clearly favors the issuance of a permanent injunction in this case. A number of courts have found that government officials and employees whose assets are encumbered by fraudulent common law liens suffer irreparable harm. See, e.g., Falice, 2006 WL

2488391, * 6 (citing MacElvain, 858 F.Supp. at 1 100 ("The filing of such frivolous documents imposes irreparable harm on the individuals and entities that are the victims of the liens."); Saenger, 1988 WL 184863, at *2 ("Defendants are private individuals attempting to carry out their duties as employees of the federal government. Plaintiffs have resorted to an extreme form of tax protest that harasses defendants in their private lives."); VanDyke, 568 F.Supp. at 822 ("[The defendants], in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government . . . .")).

In addition, the United States holds has an interest "in protecting its employees from such blatant forms of retaliatory harassment arising out of actions pertaining to their official duties." United States v. Poole, 916 F.Supp. 861, 863 (C.D.Ill.1996) (enjoining defendant who filed common law lien against prosecutor and court appointed defense counsel in retaliation for prosecution); see also Barker, 19 F.Supp.2d at 1384 ("Defendants' method of lien filing, i.e. filing liens whenever the individual feels grieved or wronged by a public official, unduly interferes with the government's ability to perform its duties."). The United States also suffers irreparable harm when it is forced to spend limited resources to defend its employees from El Bey's harassment. El Bey, on the other hand, will not be harmed by the issuance of an injunction in this case. The documents filed with the Mecklenburg County Register of Deeds are without any factual or legal basis. An injunction would simply require El Bey to submit for prior court approval all future documents through which he attempts to assert a lien; it will not impair his ability to assert any legitimate claims or liens.

Accordingly, Defendant El Bey will be permanently enjoined from filing any form of lien against any Judge Conrad or any other federal employee or official anywhere in the United States without first obtaining the approval of this Court. In order to obtain the Court's permission,

Defendant El Bey must provide the Court with either: (1) a copy of a prior valid judgment that has been obtained against the individual or individuals whom he wishes to name in a future lien document, or (2) information which he believes constitutes a valid legal basis under the law of the place he wishes to file for asserting a lien against any one of these individuals.

IT IS, THEREFORE, ORDERED that the Government's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

IT IS FURTHER ORDERED as follows:

1. That all liens, affidavits, or other instruments filed by Defendant, his agents or anyone in concert with him, in any state or federal court, or in the public records of any state, county, parish or municipality, that purports to attach, encumber or otherwise affect the property or assets of the Honorable Robert J. Conrad, Jr., or any current or formal federal official are invalid, null, void, and of no effect;

2. That all such liens, affidavits or instruments be expunged from the public record or that a copy of this Order be filed with such liens or instruments to give notice of their invalidity. The United States Attorney's Office is directed to forward a copy of this Order to all courts or government agencies in which such liens, affidavits or instruments are filed or recorded. The United States Attorney may petition this Court for an award of costs for this procedure at the appropriate time;

3. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from filing in any state or federal court, or in the public records of any state, county, parish or municipality, any lien, affidavit or instrument purporting to attach, encumber, or otherwise affect the property or

assets of the Honorable Robert J. Conrad, Jr., or any current or former federal official, without prior written authorization from this Court. Violation of this Order is grounds for the lien or instrument to be discarded or otherwise expunged from the public records and will be considered contempt of this Court;

4. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from giving notice to any person, credit agency, corporation, or other entity of the existence of any lien, affidavit or instrument, whether filed or unfiled, purporting to attach, encumber, or otherwise affect the property or assets of the Honorable Robert J. Conrad, Jr., or any current or former federal official, without prior written authorization from this Court. Violation of this Order will be considered contempt of this Court;

5. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from communicating with or attempting to contact the Honorable Robert J. Conrad, Jr., for any reason, by any means, including, but not limited to, motions, notices, letters, or copies of legal instruments.

IT IS SO ORDERED.

Signed: December 21, 2007

*Frank D. Whitney*
Frank D. Whitney
United States District Judge