# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00255-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAKIMA IBAN SALIH EL BEY, ) | |
| ) | **AMENDED** |
| and ) | **ORDER** |
| ) | |
| JUDITH A. GIBSON, in her official capacity ) | |
| as REGISTER OF DEEDS for Mecklenburg ) | |
| County, North Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THE MATTER is before the Court *sua sponte* with regard to the Order issued by this Court on December 27, 2007 (Doc. No. 26). Pursuant to the unpublished opinion issued by the United States for the Fourth Circuit, Thomas v. Fulton, No. 07-1713 (January 7, 2008), this Court amends and modifies the earlier injunction imposed on Defendant Sakima Iban Salih El Bey.

Defendant El Bey is hereby permanently enjoined from filing any form of lien against Judge Conrad or any other federal employee or official in the Western District of North Carolina (including judicial officers of the United States Court of Appeals for the Fourth Circuit, the United States District Court for the Western District of North Carolina, and the United States Bankruptcy Court for the Western District of North Carolina) without first obtaining the approval of this Court.

In order to obtain the Court's permission, Defendant El Bey must provide the Court with either: (1) a copy of a prior valid judgment that has been obtained against the individual or individuals whom he wishes to name in a future lien document, or (2) information which he believes constitutes a valid legal basis under the law of the place he wishes to file for asserting a lien against any one of these individuals.

This injunction does not extend to federal employees or officials outside the Western District of North Carolina, nor does it extend to liens filed against state or local employees or officials. Furthermore, this injunction does not impose a pre-filing restriction for lawsuits in this Court or any other court, but only to the filing of liens, which was the subject of the instant action. Prior to entering this prefiling injunction as well as the injunction originally set forth in the Court's order, the Court carefully considered the adequacy of alternative sanctions. Given El Bey's history of prolific and migrating litigation; the spuriousness of his complaints; and the defects in his in forma pauperis applications, the Court finds that Defendant Sakima Iban Salih El Bey's litigation is abusive and vexatious, and a pre-filing injunction is necessary to protect the efficient administration of justice. See Safir v. United States Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986).

IT IS, THEREFORE, ORDERED that the Government's Motion for Summary Judgment (Doc. No. 17) is GRANTED as AMENDED herein. The Court's Order (Doc. No. 26) is hereby modified and amended as follows:

1. That all liens, affidavits, or other instruments filed by Defendant Sakima Iban Salih El Bey, his agents or anyone in concert with him, in any state or federal court, or in the public records of any state, county, parish or municipality, that purports to attach, encumber or otherwise affect the property or assets of the Honorable Robert J. Conrad, Jr., or any current or formal federal official are invalid, null, void, and of no effect;;

2. That all such liens, affidavits or instruments be expunged from the public record or that a copy of this Order be filed with such liens or instruments to give notice of their invalidity. The United States Attorney's Office is directed to forward a copy of this Order to all courts or government agencies in which such liens, affidavits or instruments are filed or recorded. The United States Attorney may petition this Court for an award of costs for this procedure at the appropriate time;

3. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from filing in the Western District of North Carolina, or in the public records of any county, parish or municipality in the Western District of North Carolina, any lien, affidavit or instrument purporting to

attach, encumber, or otherwise affect the property or assets of the Honorable Robert J. Conrad, Jr., or any current or former federal official in or employee that resides in the Western District of North Carolina, without prior written authorization from this Court. Violation of this Order is grounds for the lien or instrument to be discarded or otherwise expunged from the public records and will be considered contempt of this Court;

4. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from giving notice to any person, credit agency, corporation, or other entity of the existence of any lien, affidavit or instrument in the Western District of North Carolina, whether filed or unfiled, purporting to attach, encumber, or otherwise affect the property or assets of the Honorable Robert J. Conrad, Jr., or former federal official in or employee that resides in the Western District of North Carolina, without prior written authorization from this Court. Violation of this Order will be considered contempt of this Court;

5. That Defendant Sakima Iban Salih El Bey and his agents or any other persons acting in concert with him be permanently enjoined from communicating with or attempting to contact the Honorable Robert J. Conrad, Jr., for any reason, by any means, including, but not limited to, motions, notices, letters, or copies of legal instruments, without first obtaining written authorization from this Court.

IT IS SO ORDERED.

Signed: January 9, 2008

Frank D. Whitney
United States District Judge