# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00255-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAKIMA IBAN SALIH EL BEY, ) <br> ) <br> and ) <br> ) <br> JUDITH A. GIBSON, in her official capacity ) <br> as REGISTER OF DEEDS for Mecklenburg ) <br> County, North Carolina, ) <br> ) <br> Defendants. ) <br> ) | **ORDER TO SHOW CAUSE** |

THE MATTER is before the Court on Defendant El Bey's "Injunctive Declaratory and Prospective Relief for Judicial Review to Vacate Order/Amendmed [sic] Court Order, Affidavit Affecting Alleged Lien" (Doc. No. 30).

The caption in the motion identifies the undersigned, Mr. Taylor, and Mr. Adden and reads "We, the People, Sakima Iban Salih El Bey Preamble Citizen of the United States, National of the United States v. Robert Conrad Magistrate United States District Court, Robert S. Adden Jr., Paul Taylor, Frank Whitney." In sum, Defendant El Bey argues that the undersigned conspired with Paul Taylor (counsel for Plaintiff) and Robert S. Adden, Jr., (counsel for Defendant Gibson) and that the Order and Amended Order (Docs. Nos. 26, 28 respectively) entered in this matter is "unconstitutional on its face, and contrary to RICO, Alter Ego Doctrine, Article I, sec. 19 Constitution of North Carolina inter alia." (Doc. No. 30, p. 4). Defendant requests injunctive and declaratory relief by way of a declaration that the orders entered in this case be declared null and void. Defendant also seeks "prospective relief" such that those named in the caption be "prevented and stopped" from entering any order or any action against "any Citizen" including Defendant El

Bey. (Doc. No. 30, p.5). Because the motion fails to present any conceivable reason to support the outrageous relief sought by Defendant, it is summarily denied.

Defendant's motion is another example of Defendant El Bey's "continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir.2004) (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir.1993)). As noted in the Court's Amended Order, Defendant has a long history involving prolific and indiscernible litigation. The motion now before the Court is no different. It is vexatious and filed without good faith but for the sole purpose to harass the counsel and judge involved in the case. By filing this frivolous motion, Defendant El Bey has caused needless expense and burden to the Court and the parties. The Court has already enjoined Defendant El Bey from filing any liens or encumbrances against judicial officers in the Western District of North Carolina without first seeking and obtaining approval from this Court. Apparently, this was insufficient to deter Defendant El Bey from continuing his abusive conduct. Accordingly, the Court finds that further action by the Court may be necessary under these facts.

Recognizing the principles set forth in Cromer, the Court hereby ORDERS Defendant El Bey to SHOW CAUSE why the Court should not impose a pre-filing injunction (1) on Defendant in this matter **and** (2) in future matters Defendant El Bey may seek to file against judicial officers in the Western District of North Carolina. Defendant El Bey shall limit his response to these two specific inquiries ONLY, and the Court will disregard any irrelevant argument. Defendant shall submit its response no later than **March 14, 2008.** Failure to submit a timely response may result in a pre-filing injunction being issued against Defendant El Bey regarding filings in this matter and in future related matters.

IT IS, THEREFORE, ORDERED that Defendant's motion (Doc. No. 30) is DENIED. Defendant is ORDERED to SHOW CAUSE by March 14, 2008, why a pre-filing injunction limited to the two instances set forth above should not be issued against him.

IT IS SO ORDERED.

Signed: February 29, 2008

Frank D. Whitney
United States District Judge